NO. 18—CV—05620

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

In re:

DAVID M. LAZ,

> *Debtor.*

(David M. Laz,

> *Appellant,*

v.

Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2,

> *Appellee.*)

Appeal from the United States Bankruptcy Court for the Northern District of Illinois, Bankruptcy Case No: 18-16460, The Honorable Janet Bauer, Judge Presiding

**APPELLEE'S BRIEF**

Kimberly A. Jansen
HINSHAW & CULBERTSON LLP
151 N. Franklin St., Suite 2500
Chicago, IL 60606
312-704-3000
kjansen@hinshawlaw.com

*Attorneys for Movant-Appellee Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2*

**ORAL ARGUMENT REQUESTED**

## CORPORATE DISCLOSURE STATEMENT

Deutsche Bank National Trust Company is a wholly owned subsidiary of Deutsche Bank Holdings, Inc., which is a wholly owned subsidiary of Deutsche Bank Trust Corporation, which is a wholly owned subsidiary of Deutsche Bank AG, a publicly held corporation organized under the laws of the Federal Republic of Germany. No publicly held company owns more 10% or more of Deutsche Bank AG's stock.

# TABLE OF CONTENTS

**Page(s)**

CORPORATE DISCLOSURE STATEMENT ...........................................................i

TABLE OF CONTENTS.................................................................................... ii

TABLE OF AUTHORITIES ................................................................................v

JURISDICTIONAL STATEMENT.......................................................................1

ISSUES PRESENTED FOR REVIEW ..................................................................1

STATEMENT OF THE CASE, COURSE OF PROCEEDINGS,
    DISPOSITION IN THE COURT BELOW ......................................................2

    I.      Illinois Foreclosure ............................................................2

    II.     Motion for Relief from Stay ...............................................4

SUMMARY OF ARGUMENT..............................................................................6

    I.      As a creditor with a colorable claim, Deutsche Bank has
          standing to seek relief from the automatic stay.....................6

    II.     Deutsche Bank's standing to seek stay relief does not
          depend on the merits of Debtor's dispute regarding
          Deutsche Bank's right to enforce the Note. ...........................7

    III.    Debtor failed to overcome Deutsche Bank's proof of its
          right to enforce the Note. ....................................................8

ARGUMENT ...................................................................................................9

    I.      As a creditor with a colorable claim, Deutsche Bank has
          standing to seek relief from the automatic stay..................11

          A.     A creditor with a claim against the debtor is a
               "party in interest" with standing to request stay
               relief.....................................................................11

ii

B.    Deutsche Bank met its burden of demonstrating a colorable claim under the applicable state law.......................12

    1.    The copy of the Note attached to the stay relief motion established a colorable foreclosure claim. ...................................................12

    2.    The assignment to Deutsche Bank of the mortgagee's rights established a colorable foreclosure claim. ...................................................13

    3.    The state court judgment of foreclosure entered in favor of Deutsch Bank established a colorable foreclosure claim. ............................................14

        a.    The state court's judgment of foreclosure bars Debtor's challenge to Deutsche Bank's standing...................15

        b.    The state court judgment was properly considered in assessing the likelihood that Deutsche Bank has a meritorious claim. ...................................19

C.    Deutsche Bank's standing to seek stay relief does not depend on the merits of Debtor's dispute regarding Deutsche Bank's right to enforce the Note ...................................................................................21

    1.    The bankruptcy court did not refuse to hold an evidentiary hearing. ........................................22

    2.    The hearing on a motion for stay relief is not meant to decide the validity of a movant's claim. ...................................................................23

    3.    State law applies to determine whether a party has a "colorable claim" against the Debtor.......................................................25

II.    The Bankruptcy Court correctly concluded that Debtor presented nothing that would warrant denial of stay relief..........27

A.    The purported forgery does not defeat Deutsche Bank's right to enforce the Note. ....................................... 28

B.    Debtor lacks standing to challenge the assignment to Deutsche Bank based on alleged noncompliance with the PSA. ............................................................. 30

III.   Debtor waived any argument that Deutsche Bank failed to establish insufficient equity in the secured property. ..................... 32

CONCLUSION ....................................................................................... 32

CERTIFICATES ..................................................................................... 34

    Certificate of Service .................................................................... 34

    Fed. R. Bankr. P. 8015(a)(7)(C) Certificate ................................. 34

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adelson v. Ocwen Financial Corp.,*
  No. 17-1917, 2018 U.S. App. LEXIS 23356 (6th Cir. Aug. 20,
  2018) ..................................................................................................................... 30

*Balogh v. Deutsche Bank National Trust Co.,*
  No. 17 CV 862, 2017 U.S. Dist. LEXIS 195342 (N.D. Ill. Nov. 28,
  2017) ..................................................................................................................... 18

*Bank of America National Ass'n v. Bassman FBT, LLC,*
  2012 IL App (2d) 110729, 981 N.E.2d 1 (Ill. App. 2012) .......................................... 31

*In re Boomgarden,*
  780 F.2d 657 (7th Cir. 1985) ....................................................................................... 1

*Bushnell v. Bank of the West,*
  469 B.R. 306 (B.A.P. 8th Cir. 2012) ......................................................................... 12

*Butner v. United States,*
  440 U.S. 48 (1979) ..................................................................................................... 12

*Carpenter v. PNC Bank, National Ass'n,*
  633 F. App'x 346 (7th Cir. 2016) .........................................................................17, 18

*Colon v. Option One Mortgage Corp.,*
  319 F.3d 912 (7th Cir. 2003) ....................................................................................... 2

*In re Comcoach Corp.,*
  698 F.2d 571 (2d Cir. 1983) ....................................................................................... 11

*Covell v. Heyman,*
  111 U.S. 176 (1884) ................................................................................................... 20

*Dauenhauer v. Bank of N.Y. Mellon,*
  562 F. App'x 473 (6th Cir. 2014) .............................................................................. 30

*District of Columbia Court of Appeals v. Feldman,*
  460 U.S. 462 (1983) ................................................................................................... 15

*Duwaik v. JP Morgan Change Bank, N.A.*,
    Civil Action No. 17-cv-00142-MSK, 2017 U.S. Dist. LEXIS
    174684 (D. Colo. Oct. 20, 2017) ........................................................8, 11, 24

*EMC Mortg. Corp. v. Kemp*,
    2012 IL 113419, 982 N.E.2d 152 (Ill. App. 2012) ...................................... 16

*In re Escobar*,
    457 B.R. 229 (Bankr. E.D.N.Y. 2011) ......................................................... 20

*Grella v. Salem Five Cent Savings Bank*,
    42 F.3d 26 (1st Cir. 1994) .................................................................. *passim*

*Harold v. Steel*,
    773 F.3d 884 (7th Cir. 2014) ............................................................. *passim*

*In re Holtkamp*,
    669 F.2d 505 (7th Cir. 1982) ................................................................. 6, 11

*Jepson v. Bank of New York Mellon*,
    816 F.3d 942 (7th Cir. 2016) ..........................................................9, 20, 31

*Joslyn v. Joslyn*,
    54 N.E.2d 475 (Ill. 1944) .......................................................................... 13

*Kowalski v. Boliker*,
    893 F.3d 987 (7th Cir. 2018) ..........................................................17, 18, 19

*In re LaMont*,
    740 F.3d 397 (7th Cir. 2014) ................................................................... 12

*Lebron v. Gottlieb Memorial Hospital*,
    930 N.E.2d 895 (Ill. 2010) ....................................................................... 25

*Ly v. Che (In re Ly)*,
    601 F. App'x 494 (9th Cir. 2015) .............................................................1, 2

*Magid v. Drexel National Bank*,
    71 N.E.2d 898 (Ill. App. 1947) ................................................................. 29

*Mahaffey v. Ramos*,
    588 F.3d 1142 (7th Cir. 2009) .................................................................. 32

*In re Marriage of Verdung*,
535 N.E.2d 818 (Ill. 1989) ...................................................................................... 16

*Miller v. Deutsche Bank Nat'l Trust Co.*,
666 F.3d 1255 (10th Cir 2012) .................................................................. 11, 12, 26

*Mortgage Electronic Registration Systems v. Barnes*,
940 N.E.2d 118 (Ill. App. 2010) ........................................................................... 13

*Parkway Bank & Trust Co. v. Korzen*,
2013 IL App (1st) 130380, 2 N.E.3d 1052 (Ill. App. 2013) ........................... 6, 13, 24

*Rajamin v. Deutsche Bank Nat'l Trust Co.*,
757 F.3d 79 (2d Cir. 2014) ................................................................................... 31

*Rooker v. Fidelity Trust Co.*,
263 U.S. 413 (1923) .............................................................................................. 15

*Rosestone Investments, LLC v. Garner*,
2013 IL App (1st) 123422, 2 N.E.3d 532 (Ill. App. 2013) ..................................... 14

*Ex parte Royall*,
117 U.S. 241 (1886) .............................................................................................. 20

*In re Sheridan*,
No. 08-20381-TLM, 2009 Bankr. LEXIS 552 (Bankr. D. Idaho
Mar. 12, 2009) ......................................................................................... 22, 23, 28

*SKS & Associates v. Dart*,
619 F.3d 674 (7th Cir. 2010) ................................................................................ 20

*In re Smith*,
349 B.R. 28 (Bankr. D. Idaho 2005) ..................................................................... 23

*Sykes v. Cook County Circuit Court Probate Division*,
837 F.3d 736 (7th Cir. 2016) ...........................................................15, 16, 17, 19

*Thomas v. Fannie Mae*,
469 B.R. 915 (10th B.A.P. 2003) ................................................... 20, 24, 25, 26

*United States v. Knoll*,
785 F.3d 1151 (7th Cir. 2015) .............................................................................. 12

*In re Vitreous Steel Products*,
  911 F.2d 1223 (7th Cir. 1990) .......................................................................... *passim*

*Warth v. Seldin*,
  422 U.S. 490 (1975) ......................................................................................... 31

*Wells Fargo Bank, N.A. v. Erobobo*,
  127 A.D.3d 1176 (N.Y. App. Div. 2015). ..................................................... 9, 31

*In re Yelverton*,
  493 B.R. 290 (Bankr. D.C. 2013) .................................................................. 25

**Statutes**

810 ILCS 5/1–201 ............................................................................................27, 28

810 ILCS 5/3–203 .............................................................................................9, 29

810 ILCS 5/3–205 ............................................................................................. 27

810 ILCS 5/3–301 ................................................................................8, 14, 27, 29

810 ILCS 5/3–403 ..............................................................................8, 28, 29

11 U.S.C. §102 ................................................................................................ 6, 12

11 U.S.C. §110 ............................................................................................6, 12, 24

11 U.S.C. §362 ............................................................................................ *passim*

28 U.S.C. §157 ................................................................................................ 1

28 U.S.C. §158 ................................................................................................ 1

**Other Authorities**

Fed. R. Bankr. P. 9014 .................................................................................. 23

Ill. S. Ct. R. 113 ............................................................................................ 6, 13

## JURISDICTIONAL STATEMENT

The bankruptcy court's order granting relief from the automatic stay is a final order subject to appeal under 28 U.S.C. §158(a). *In re Boomgarden*, 780 F.2d 657, 660 (7th Cir. 1985). That order was entered August 4, 2018 (ECF[1] #5–13 at PageID #487), and appellant timely filed his notice of appeal on August 16, 2018 (ECF #5–2 at PageID #28).

The bankruptcy court had jurisdiction to decide the motion for relief from the automatic stay because it is a core proceeding. 28 U.S.C. §157(b)(1), (2)(G).

## ISSUES PRESENTED FOR REVIEW

**1.     Did the Bankruptcy Court correctly determine that Deutsche Bank demonstrated a "colorable claim" sufficient to establish that it is a "party in interest" with standing to seek relief from the automatic stay?**

The bankruptcy court's determination that a movant has standing to seek relief from the automatic stay is reviewed *de novo. Ly v. Che (In re Ly)*, 601 F. App'x 494, 496 (9th Cir. 2015).

**2.     Did the Bankruptcy Court correctly conclude that Debtor's challenge to the indorsement of the Note and allegation regarding non-**

---

[1]     Citations to documents included in this Court's docket are cited herein as "ECF #__ at PageID #__." Debtor's designated Record on Appeal appears at ECF #5.

1

compliance with a Pooling and Servicing Agreement were insufficient to defeat standing?

The bankruptcy court's determination that a movant has standing to seek relief from the automatic stay is reviewed *de novo*. *In re Ly*, 601 F. App'x at 496.

3. **Did the Bankruptcy Court abuse its discretion in concluding that Deutsche Bank adequately established cause for relief from the automatic stay under 11 U.S.C. §362(d)?**

"The bankruptcy court's grant of relief from the automatic stay is reviewed for an abuse of discretion." *Colon v. Option One Mortgage Corp.*, 319 F.3d 912, 916 (7th Cir. 2003).

## STATEMENT OF THE CASE, COURSE OF PROCEEDINGS, DISPOSITION IN THE COURT BELOW

### I. Illinois Foreclosure

This appeal finds its origin in an action for foreclosure brought in Illinois state court by appellee Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2 ("Deutsche Bank"). (See ECF #5–7 at PageID #158.) Deutsche Bank sought to foreclose a mortgage executed by Debtor David M. Laz ("Debtor") in favor of Accredited Home Lenders, Inc. ("Lender"). (ECF #5–7 at PageID #158.)

The mortgage identified Mortgage Electronic Registration Systems ("MERS") as mortgagee as nominee for Lender. (ECF # 5–3 at PageID #60.) MERS assigned the mortgage to Deutsche Bank in 2014. (ECF #5–3 at PageID #82.) The Note accompanying the mortgage was indorsed in blank, with the signer identified as Nancy Montoya, an Assistant Secretary for Lender. (ECF # at PageID#.)

In the foreclosure action, Debtor asserted five separate affirmative defenses challenging Deutsche Bank's standing. (ECF #5–6 at PageID #142–47.) The Illinois court granted summary judgment in favor of Deutsche Bank on all five affirmative defenses (ECF #5–9 at PageID #241) and denied Debtor's motion to reconsider that ruling (ECF # 5–10 at PageID #259).

Debtor then moved for summary judgment in the foreclosure action. Debtor argued that Deutsche Bank was not the holder of the note because, Debtor claimed, the signature of Nancy Montoya on the allonge indorsing the Note in blank was forged. (ECF #5–10 at PageID #262.) Debtor produced an affidavit signed by a Nancy Montoya living in Bolingbrook, Illinois. Montoya asserted that she was employed by Lender from 2006 through 2010, that she never held the title Assistant Secretary, and that she did not sign the allonge. (ECF #6–4, at PageID #93.) The foreclosure court denied this motion. (ECF #5–11 at PageID #306.)

Deutsche Bank moved for summary judgment. (ECF #5–11 at PageID #307.) Again relying on Montoya's affidavit, Debtor challenged Deutsche Bank's standing to enforce the mortgage and Note. (ECF #5–11 at PageID #313.) Debtor additionally challenged Deutsche Bank's standing based on a purported non-compliance with the Pooling and Servicing Agreement ("PSA") governing the trust. (ECF #5–11at PageID #318.) The foreclosure court rejected both arguments and granted summary judgment in favor of Deutsche Bank. (ECF #5–12 at PageID #468.)

On March 9, 2018, the foreclosure court entered a Judgment for Foreclosure and Sale, directing the sale of the property at a judicial sale. (ECF #5–12 at PageID #471–77.) Before the sale could be conducted, however, Debtor filed a voluntary petition for bankruptcy under Chapter 7. (ECF #5–3 at PageID #36.)

## II.   Motion for Relief from Stay

Wishing to conclude the foreclosure proceedings, but barred by the automatic bankruptcy stay (11 U.S.C. 362(a)), Deutsche Bank filed a motion in the bankruptcy court seeking relief from the automatic stay. (ECF #5–3 at PageID #47.) Deutsche Bank asserted that the estimated default on the mortgage loan was $744,284.44 as of June 1, 2018, that the estimated payoff amount was $1,181,299.45 as of June 27, 2018, and that the estimated fair

market value of the property (based on Debtor's bankruptcy schedules) is $500,000. (ECF #5–3 at PageID #48.)

Debtor objected to the motion for stay relief, arguing that Deutsche Bank lacked standing and was not the holder of the Note because: (1) the signature on the allonge is forged; (2) the allonge wasn't properly attached to the Note; and (3) the terms of the PSA prevented Deutsche Bank from becoming a holder of the Note. (ECF #5–4 at PageID #85.) In support, Debtor attached a copy of Montoya's affidavit indicating that she had not signed the allonge (ECF #5–4 at PageID #93) and what is purportedly a printout of a portion of the PSA (ECF #5–4 at PageID #95). In reply, Deutsche Bank produced the pleadings, motions, and orders discussed above from the foreclosure action. (ECF #5–6 at PageID #142 through ECF #5–12 at PageID #477.)

After reviewing the parties' briefing and exhibits, the bankruptcy court granted the motion for relief from the stay. (ECF #5–12 at PageID #478.) The court explained:

> The state court has rejected the standing forged-note argument four times. In this case, you've raised it once again, and it has been fully, repeatedly briefed and ruled on by the state court. Under those circumstances, I do not see any cause or any correct opposition to the motion to lift the automatic stay. I'm going to grant the motion to lift the automatic stay, permit Deutsche Bank to go forward here, and if you have any further issues, you go back to the state court.

(ECF #6; BK Dkt. #53 at p. 4.)

Debtor now appeals.

## SUMMARY OF ARGUMENT

I. **As a creditor with a colorable claim, Deutsche Bank has standing to seek relief from the automatic stay.**

Debtor's arguments conflate two discrete issues of standing: (1) whether Deutsche Bank has standing in the Illinois foreclosure action to pursue its claims against Debtor; and (2) whether Deutsche Bank has standing in the federal bankruptcy action to pursue relief from the automatic stay.

The Bankruptcy Code grants standing to request relief from the automatic stay to a "party in interest." 11 U.S.C. §362(d). The term "party in interest" includes creditors (secured or unsecured). *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982). A "creditor," in turn, includes any "entity that has a claim against the debtor." 11 U.S.C. §110(10). A "claim against the debtor" includes claims against the debtor's property, whether those claims are disputed or undisputed. 11 U.S.C. §102(2), 11 U.S.C. §110(5). Thus, a party has standing to seek relief from the automatic stay if it has a colorable claim under applicable state law.

Deutsche Bank established a colorable claim under Illinois law by producing a copy of the Note indorsed in blank. See Ill. S. Ct. R. 113(b) (requiring mortgage foreclosure plaintiff to attach a copy of the Note to its complaint); *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶

24, 2 N.E.3d 1052 (Ill. App. 2013) (copy of note attached to a complaint is *prima facie* evidence that plaintiff owns the note).

Deutsche Bank further demonstrated a colorable claim under Illinois law by producing the Judgment of Foreclosure and Sale entered by the Illinois court in its favor and in which the Illinois court expressly found that Deutsche Bank has standing in the foreclosure action. The *Rooker-Feldman* doctrine precluded the bankruptcy court from second-guessing that state court judgment. And if *Rooker-Feldman* did not precluded second-guessing, principles of equity, comity, and federalism do. Finally, if Deutsche Bank's burden was to demonstrate the likelihood that Deutsche Bank will be able to establish a meritorious claim under Illinois law (see *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 33 (1st Cir. 1994)), a state court judgment adjudicating the merits of Deutsche Bank's claim in its favor amply satisfies this burden.

**II.      Deutsche Bank's standing to seek stay relief does not depend on the merits of Debtor's dispute regarding Deutsche Bank's right to enforce the Note.**

The evidence submitted by Debtor in an effort to challenge Deutsche Bank's ownership of the Note does not defeat Deutsche Bank's standing to seek stay relief. The hearing on a motion for stay relief is "meant to be summary in character." *In re Vitreous Steel Products*, 911 F.2d 1223, 1232 (7th Cir. 1990). In ruling on such a motion, the bankruptcy court does not determine the merits

of the creditor's claim, but only whether the creditor has a "colorable claim." *Id.* at 1234.

In other words, the bankruptcy court was not called upon to resolve the dispute raised by Debtors as to whether Deutsche Bank is the owner of the Note, but only to evaluate whether the evidence produced by Deutsche Bank, if believed by the trier of fact, would be sufficient to establish an enforceable right under Illinois law. See *Duwaik v. JP Morgan Change Bank, N.A.*, Civil Action No. 17-cv-00142-MSK, 2017 U.S. Dist. LEXIS 174684, at *18 (D. Colo. Oct. 20, 2017).

**III. Debtor failed to overcome Deutsche Bank's proof of its right to enforce the Note.**

Finally, even if the bankruptcy court were required to resolve the merits of the parties' dispute with respect to ownership of the Note, that dispute was properly resolved in favor of Deutsche Bank. But even if Debtor established that the indorsement was forged, this would not be sufficient to defeat Deutsche Bank's right to enforce the Note. If the indorsement were invalidated, Deutsche Bank would be a nonholder in possession of the note. See 810 ILCS 5/3–403(a). A nonholder in possession is entitled to enforce an instrument if it "has the rights of a holder." 810 ILCS 5/3–301. The transfer to Deutsche Bank of possession of the Note, together with the unchallenged assignment of the

mortgage, is evidence that the Note was transferred to Deutsche Bank for the purpose of giving it the right to enforce the Note. See 810 ILCS 5/3–203.

Debtor's alternative argument—that the transfer of the Note to Deutsche Bank was invalid because it violates the PSA—also fails. Because Debtor was not an intended beneficiary of the PSA, he has no standing to " challenge the [Deutsche Bank]'s possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of [a] PSA.' " *Jepson v. Bank of New York Mellon*, 816 F.3d 942, 946 (7th Cir. 2016), quoting *Wells Fargo Bank, N.A. v. Erobobo*, 127 A.D.3d 1176, 1178 (N.Y. App. Div. 2015).

## ARGUMENT

Debtor argues that relief from the stay should have been denied because, notwithstanding the rulings by the Illinois court to the contrary, Debtor believes Deutsche Bank lacks standing to pursue foreclosure before the Illinois court. Debtor challenges standing on two, independent bases: (1) Debtor claims the allonge to the promissory note endorsing the note in blank is invalid because the signature on the allonge is forged; and (2) the assignment of the mortgage to Deutsche Bank is invalid because the assignment violated a Pooling and Servicing Agreement governing the trust.

"As soon as a petition in bankruptcy is filed, the automatic stay provisions of 11 U.S.C. §362 take effect. The automatic stay prevents all pre-

petition creditors from taking any action to collect their debts." *In re Vitreous Steel Products*, 911 F.2d 1223. 1231 (7th Cir. 1990). Because there often "may be no reason to make the creditor wait until the final distribution of the estate to get what it bargained for," and "early release of the collateral may" expedite the proceedings, "Congress included a provision for relief from the automatic stay." *Id.* at 1231–32. A bankruptcy court may grant relief from the stay "[o]n request of a party in interest and after notice and a hearing."

11 U.S.C. §362(d).

Hearings conducted pursuant to §362(d) "are meant to be summary in character." *In re Vitreous Steel Products*, 911 F.2d at 1232. "Questions of the validity of liens are not generally at issue in a §362 hearing, but only whether there is a *colorable* claim of a lien on property of the estate." *Id.* at 1234. The hearing "is not a proceeding for determining the merits of the underlying substantive claims [or] defenses," but instead "is analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property." *Grella*, 42 F.3d at 33.

Debtor's challenge to the order granting relief from stay fails for two reasons: (1) the summary nature of the §362 hearing did not require the bankruptcy court to resolve the merits of Debtor's challenge to the validity of

the allonge or assignment; and (d) Debtor is himself without standing to challenge the validity of the allonge or assignment.

## I. As a creditor with a colorable claim, Deutsche Bank has standing to seek relief from the automatic stay.

Debtor contends that Deutsche Bank lacks standing to foreclose Debtor's mortgage in state court, and so the bankruptcy court abused its discretion by granting relief from the automatic stay to allow Deutsche Bank to continue prosecuting the foreclosure action. Although Debtor treats Deutsche Bank's standing to pursue foreclosure in the state action as coextensive with Deutsche Bank's standing to pursue relief from the automatic stay in this action, the two issues are distinct. *Duwaik*, 2017 U.S. Dist. LEXIS 174684, at *12 ("Whether a party has standing to seek relief as a party in interest, however, is an issue distinct from whether that party's underlying claim is valid."), quoting *Miller v. Deutsche Bank Nat'l Trust Co.*, 666 F.3d 1255, 1261 n.4 (10th Cir 2012).

### A. A creditor with a claim against the debtor is a "party in interest" with standing to request stay relief.

Under the Bankruptcy Code, a party has standing to seek relief from the automatic stay if it is a "party in interest." 11 U.S.C. §362(d). Although the Bankruptcy Code does not define "party in interest," there is broad consensus that, at minimum, a creditor qualifies as a party in interest for purposes of §362(d). See, e.g., *In re Holtkamp*, 669 F.2d at 508 ("party in interest" included unsecured as well as secured creditors); *In re Comcoach Corp.*, 698 F.2d 571,

573 (2d Cir. 1983) (party must be "either a creditor or a debtor to invoke the court's jurisdiction" under §362(d)); *Bushnell v. Bank of the West*, 469 B.R. 306, 309 (B.A.P. 8th Cir. 2012) ("party in interest" includes any party whose interest is "adversely affected by the stay").

A "creditor," in turn, is any "entity that has a claim against the debtor." 11 U.S.C. §110(10). This " 'includes claim[s] against property of the debtor.' " (Alternation in original.) *In re LaMont*, 740 F.3d 397, 403 n.8 (7th Cir. 2014), quoting 11 U.S.C. §102(2). A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. §110(5).

**B.  Deutsche Bank met its burden of demonstrating a colorable claim under the applicable state law.**

In determining whether a party has a "right to payment" sufficient to bestow creditor status, state law governs. *Miller*, 666 F.3d at 1262. Accord *United States v. Knoll*, 785 F.3d 1151, 1156 (7th Cir. 2015) ("Property interests are created and defined by state law."), quoting *Butner v. United States*, 440 U.S. 48, 55 (1979).

**1.  The copy of the Note attached to the stay relief motion established a colorable foreclosure claim.**

By attaching a copy of the promissory note to its motion for relief from the stay, Deutsche Bank has demonstrated its right to foreclose under Illinois

law. "The mere fact that a copy of the note is attached to the complaint is itself *prima facie* evidence that the plaintiff owns the note." *Korzen*, 2013 IL App (1st) 130380 at ¶ 24. Accord *Joslyn v. Joslyn*, 54 N.E.2d 475, 478 (Ill. 1944) ("possession of bearer paper is *prima facie* evidence of title thereto, [citation] and sufficient to entitle the plaintiff to a decree of foreclosure"). Indeed, Illinois Supreme Court Rule 113 was amended in 2013 to requires a mortgage foreclosure plaintiff to attach to a current copy of the mortgage note for the purpose to aid defendants and the trial court in assessing a plaintiff's standing to foreclose. *Id.*, Committee Comments (February 23, 2013).

Debtor does not and cannot dispute that a copy of the note was attached both to the foreclosure complaint in the state court (ECF #5– at PageID ##185–191) and to the motion for relief from stay in the bankruptcy court (ECF #5–3 at PageID ##53–59). This copy of the note is *prima facie* evidence under Illinois law that Deutsche Bank owns the note. *Korzen*, 2017 IL App (1st) 130380 at ¶24.

## 2. The assignment to Deutsche Bank of the mortgagee's rights established a colorable foreclosure claim.

Debtor also complains that Deutsche Bank never alleged in its motion for relief from stay that it is the holder of that Note. (Debtor Br. at 15.) In fact, the motion explicitly identified Deutsche Bank as the noteholder. (ECF #5–3 at PageID #49.) This was not, however, required to establish the Deutsche Bank has a colorable claim for foreclosure. See *Mortgage Electronic Registration*

*Systems v. Barnes*, 940 N.E.2d 118, 124 (Ill. App. 2010) ("Illinois does not require that a foreclosure be filed by the owner of the note and mortgage.").

In addition to attaching a copy of the Note to its motion for stay relief, Deutsche Bank also attached a copy of the assignment assigning Deutsche Bank all rights, title, and interest of the mortgagee. "A mortgage assignee has standing to bring a foreclosure action." *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 24, 2 N.E.3d 532 (Ill. App. 2013).

And a promissory note may be enforced by a nonholder in possession who has the rights of a holder. 810 ILCS 5/3–301. As discussed in greater depth in Section IV(A) below, 3ven if Deutsche Bank were not the holder of the Note, the assignment vested Deutsche Bank with the rights of a holder.

### 3. The state court judgment of foreclosure entered in favor of Deutsch Bank established a colorable foreclosure claim.

Finally, any contention that Deutsche Bank lacks a colorable claim for foreclosure is precluded by the judgment already entered by the Illinois foreclosure court finding Deutsche Bank's claim not only colorable, but proven. Debtor's claim that the bankruptcy court and this Court should reach a contrary conclusion is barred by the *Rooker-Feldman* doctrine. And even if *Rooker-Feldman* did not apply, the state court judgment independently satisfies Deutsche Bank's burden of establishing a colorable claim under state law.

14

### a. The state court's judgment of foreclosure bars Debtor's challenge to Deutsche Bank's standing.

The Illinois court in the underlying foreclosure action entered a judgment in which it concluded not only that Deutsche Bank had standing to pursue the foreclosure complaint but also that Deutsche Bank had actually proven it was entitled to a Judgment of Foreclosure and Sale. To accept Debtor's challenge to Deutsch Bank's standing to seek stay relief, then, the bankruptcy court would have had to overturn the state court judgment already entered in Deutsche Bank's favor. The bankruptcy court correctly declined to do so.

The *Rooker-Feldman* doctrine arises from the United States Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Taken together, those cases hold "hold that the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). The "doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook County Circuit Court Probate Division*, 837 F.3d 736, 741 (7th Cir. 2016).

Debtor argues that *Rooker-Feldman* does not apply because a judgment of foreclosure and sale is not final and appealable under Illinois law until after a judicial sale has been conducted and confirmed. See *In re Marriage of Verdung*, 535 N.E.2d 818, 824 (Ill. 1989); *EMC Mortg. Corp. v. Kemp*, 2012 IL 113419, ¶11, 982 N.E.2d 152, 154 (Ill. App. 2012). But, within the Seventh Circuit, the lack of immediate appealability is not necessarily a bar to the application of *Rooker-Feldman.*

In *Harold*, the Seventh Circuit noted disagreement among the federal courts of appeals as to whether *Rooker-Feldman* applies to interlocutory decisions by state tribunals. *Harold*, 773 F.3d at 885 (collecting cases). The *Harold* court, however, found "[n]othing in the Supreme Court's decisions [to] suggest[ ] that state-court decisions too provisional to deserve review within the state's own system can be reviewed by federal district and appellate courts." *Id.* "A truly interlocutory decision," the court reasoned, "should not be subject to review in any court; review is deferred until the decision is final." *Id.*

The Seventh Circuit then applied *Harold* to an interlocutory state court order in *Sykes*. In *Sykes*, the plaintiff filed a federal complaint under the Americans with Disabilities Act after she had been barred from bringing her service dog into the courtroom during a state court probate proceeding. *Sykes*, 837 F.3d at 739. Although the probate proceeding remained pending at the

time Sykes filed her federal complaint, the Seventh Circuit echoed what it had said in *Harold*: "interlocutory orders entered prior to the final disposition of state court lawsuits are not immune from the jurisdiction-stripping powers of *Rooker-Feldman*." *Id.* at 742. Because "there [was] no conceivable way to redress the wrong [alleged by Sykes] without overturning the order of a state court," the court held that Sykes' federal complaint was barred by *Rooker-Feldman*. *Id.* at 743.

In *Carpenter v. PNC Bank, National Ass'n*, 633 F. App'x 346, 348 (7th Cir. 2016), the Seventh Circuit applied this reasoning to precisely the type of decision at issue here: a judgment of foreclosure entered by an Illinois court that was not yet appealable under state law because the sale had not yet been conducted and confirmed. Because a "truly interlocutory decision should not be subject to review in *any* court," Carpenter's federal claims challenging the Illinois foreclosure judgment were barred by the *Rooker-Feldman* doctrine. *Id.*, quoting *Harold*, 773 F.3d at 886.Under *Harold*, *Sykes*, and *Carpenter*, Debtor's challenge to Deutsche Bank's standing is barred under *Rooker-Feldman* even though the foreclosure judgment is not yet appealable.

More recently, to be sure, the Seventh Circuit indicated that *Rooker-Feldman* "does not apply independently to interlocutory orders." *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018). In *Kowalski*, the plaintiff brought

claims against an Illinois state court judge and the Sheriff of Cook County alleging extrajudicial efforts designed to prejudice the court against him in divorce proceedings. *Id.* at 992. The Seventh Circuit held that *Rooker-Feldman* did not apply, both because the state court had not rendered a judgment at the time plaintiff initiated the federal action, but also because the plaintiff in that case did not ask the federal court to reject any state court order,. *Id.* at 995.

In contrast to *Carpenter*, *Kowalski* did not involve a state-court loser's attempt to challenge a judgment of foreclosure and sale. As this Court has recognized, "judgments of foreclosure are inherently different from ordinary interlocutory orders." *Balogh v. Deutsche Bank National Trust Co.*, No. 17 CV 862, 2017 U.S. Dist. LEXIS 195342, at *11 (N.D. Ill. Nov. 28, 2017). Because a foreclosure judgment "definitively decide[s] certain claims asserted by the lender and… grant[s] certain requests for relief sought by the lender," a foreclosure judgment is more akin to a partial judgment under Federal Rule of Civil Procedure 54(b) than to an ordinary interlocutory order. *Id.* An attempt to undo the foreclosure judgment would be barred under *Rooker-Feldman*.

Finally, although the *Kowalski* court acknowledged that the application of *Rooker-Feldman* to interlocutory state court judgments remains an unresolved issue within the Seventh Circuit (*Kowalski*, 893 F.3d at 995 citing *Harold*, 773 F.3d at 886), the *Kowalski* court, however, did not address—and,

18

more importantly, did not overrule—the holding in *Sykes* that interlocutory state court orders are not immune from *Rooker-Feldman*. To the extent that *Kowalski* would preclude the application of *Rooker-Feldman* here, *Kowalski* reflects an intracircuit conflict within the Seventh Circuit regarding the application of *Rooker-Feldman* to interlocutory state court judgments.

Because a "truly interlocutory decision should not be subject to review in *any* court" (*Harold*, 773 F.3d at 886), this Court should hold that the bankruptcy court appropriately declined to second-guess the state court judgment.

### b. The state court judgment was properly considered in assessing the likelihood that Deutsche Bank has a meritorious claim.

Even if *Rooker-Feldman* does not apply, the bankruptcy court properly considered and gave weight to the state court judgment in ruling on Deutsche Bank's motion for stay relief. As discussed in greater depth in section II(C) below, the bankruptcy court's role ruling on a request for relief from the automatic stay is not to decide the validity of the movant's claim, but merely to assess the "reasonable likelihood that [the movant] has a meritorious claim." *Grella*, 42 F.3d at 35. That the state court charged with the ultimate resolution of the merits of Deutsche Bank's claim has already entered judgment in Deutsche Bank's favor is compelling evidence, to say the least, that Deutsche Bank is likely to be able to establish a meritorious claim.

When a movant seeks relief from the automatic stay in order to continue a foreclosure proceeding, the standard of proof "to meet the prudential standing requirement of 'party in interest' " requires "a demonstration that the movant has the right under applicable state law to enforce the mortgage." *Thomas v. Fannie Mae*, 469 B.R. 915, 923 (10th B.A.P. 2003), quoting *In re Escobar*, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011). Here, the state court charged with responsibility for deciding the merits of Deutsche Bank's foreclosure claim has entered judgment in favor of Deutsche Bank, recognizing Deutsche Bank's right under applicable state law to enforce the mortgage.

Even if *Rooker-Feldman* does not prevent the bankruptcy court or this court from second-guessing the state court's judgment, surely principles of equity, comity, and federalism do. "When 'courts of co-ordinate jurisdiction' defer to one another to avoid conflicts, it 'is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States, it is something more. It is a principle of right and of law, and therefore of necessity.' " *SKS & Associates v. Dart*, 619 F.3d 674, 679 n.4 (7th Cir. 2010), quoting *Ex parte Royall*, 117 U.S. 241, 252 (1886) and *Covell v. Heyman*, 111 U.S. 176, 182 (1884). Accord *Jepson*, 816 F.3d at 945 n.7 (suggesting bankruptcy court, in interests of comity, should

have granted motion to modify stay and abstained from deciding adversary proceeding).

To deny stay relief here would do no more than delay the inevitable result. The state court has already adjudicated Deutsche Bank's right to enforce the mortgage and note. A denial of stay relief would have no effect at all on the continuing validity of that judgment. See *In re Vitreous Steel Products*, 911 F.2d at 1234 ("only issues necessarily decided at the §362 hearing were whether the Bank had a colorable claim of a lien and whether the amount of that lien exceeded the value of the property). Once the automatic stay is lifted—whether pursuant to §362(d) or following the conclusion of the bankruptcy proceeding (11 U.S.C. §362(c))—the state court will inevitably proceed with the foreclosure sale already ordered and finalize its judgment.

Because the automatic stay would serve only to" delay the inevitable result," relief pursuant to §362(d) was properly granted. *In re Vitreous Steel Products*, 911 F.2d at 1231.

### C. Deutsche Bank's standing to seek stay relief does not depend on the merits of Debtor's dispute regarding Deutsche Bank's right to enforce the Note

Debtor does not claim that Deutsche Bank failed to produce evidence that would be sufficient, if believed, to demonstrate standing to foreclose. Rather, Debtor's real argument is that Debtor successfully rebutted Deutsche Bank's *prima facie* proof of standing by producing evidence that purportedly

demonstrates the invalidity of the assignment of the note to Deutsche Bank and the allonge indorsing the note in blank.

### 1. The bankruptcy court did not refuse to hold an evidentiary hearing.

Debtor contends that the bankruptcy court "refused to hold an evidentiary hearing" to resolve a dispute over Deutsche Bank's right to enforce the mortgage. (Debtor Br. at 15.) But Debtor points to nothing in the record that would support a claim that the bankruptcy court "refused" to conduct a hearing. To the contrary, Deutsche Bank's motion for relief was initially noticed for hearing on July 6, 2018. (ECF #5–2 at PageID #28.) On July 6, the bankruptcy court entered a briefing schedule and set the motion for hearing on August 3, 2018. (ECF #5–2 at PageID #28.) Nothing in the transcript of the August 3 hearing suggests that Debtor sought to present witness testimony or other evidence, much less that the bankruptcy court refused to allow him to do so. (ECF #6.)

Curiously, Debtor relies on *In re Sheridan*, No. 08-20381-TLM, 2009 Bankr. LEXIS 552 (Bankr. D. Idaho Mar. 12, 2009). In *Sheridan*, Mortgage Electronic Registration Systems ("MERS") had moved for relief from the automatic stay, but the promissory note and deed of trust attached to the motion both indicated that Fieldstone Mortgage Company was the noteholder. Holding that "disputed factual issues in contested matters may not be resolved

through testimony in 'affidavits' but rather require testimony in open court," the *Sheridan* court refused to consider an affidavit submitted by MERS's attorney claiming the note had, in fact, been indorse to MERS. *Id.* at *19, citing Fed. R. Bankr. P. 9014(d) ("Testimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding.")

Applying *Sheridan* here, the affidavit produced by Debtor claiming the indorsement on the allonge was forged could not be considered. Instead, Debtor was required to present witness testimony to establish the alleged forgery. Accord *In re Smith*, 349 B.R. 28, 31 n.7 (Bankr. D. Idaho 2005).

### 2. The hearing on a motion for stay relief is not meant to decide the validity of a movant's claim.

Even if Debtor's evidentiary materials could properly be considered in the absence of witness testimony, Debtor's opposition challenges the *validity* of Deutsche Bank's lien under the assignment and note, not whether Deutsche Bank has a *colorable claim* of lien. Debtor has already admitted that Deutsche Bank is a "creditor" with respect to the state foreclosure proceeding, having included Deutsche Bank (with specific reference to the foreclosure proceeding) on the List of Creditors filed as part of his Chapter 7 bankruptcy petition. (ECF #5–3 at PageID #44.) Nevertheless, Debtor notes that he marked Deutsche Bank's claim as "disputed" in his List of Creditors (Debtor Br. at 7) and argues

that the materials he attached to his opposition to the motion for stay relief created a factual issue with respect to Deutsche Bank's status as holder of the Note.

Because even disputed claims are enough to make a party a creditor (11 U.S.C. §110(5)), "[q]uestions of the validity of liens are not generally at issue in a §362 hearing, but only whether there is a *colorable* claim of a lien on property of the estate." (Emphasis in original.) *In re Vitreous Steel Products*, 911 F.2d at 1234. The ultimate merits of the claim are to be "fully adjudicated in the state court." *Thomas*, 469 B.R. at 923.

Analogous to a preliminary injunction hearing, a §362(d) hearing determines only the reasonable likelihood that the creditor has a legitimate claim. *Grella*, 42 F.3d at 33. "The court inquires only as to whether the creditor can come forward with evidence that, if believed by the trier of fact, could establish the claim." *Duwaik*, 2017 U.S. Dist. LEXIS 174684 at *18 (holding that allegations that note was a forgery should be resolved in the state foreclosure action, not by bankruptcy court in stay proceedings).

By producing a copy of the note, Deutsche Bank made a *prima facie* showing under Illinois law that it owns the note and has standing to foreclose. *Korzen*, 2017 IL App (1st) 130380 at ¶24. And while neither the bankruptcy court nor this court are bound by the state court's judgment of foreclosure and

24

sale (along with all of that court's earlier rulings) finding the Deutsche Bank has standing in the foreclosure action, that judgment is a strong indicator of Deutsche Bank's likelihood of prevailing in the state court—Deutsche Bank is not only reasonably likely to prevail; it has already prevailed.

Debtor remains free to continue attempting to persuade the state foreclosure court that Deutsche Bank "does not hold the note or otherwise have a right to cause a foreclosure sale to ensue, but the debtor's challenge to the bank's right to seek to foreclose is no reason to keep the automatic stay in place." *In re Yelverton*, 493 B.R. 290, 292 (Bankr. D.C. 2013). The state court, after all, is the appropriate forum for ultimately resolving the merits of Deutsche Bank's foreclosure claim. *Thomas*, 469 B.R. at 923. "[T]here is no bankruptcy reason why this court should devote scarce judicial resources to addressing questions of evidence that will have no impact on the administration of the estate." *Yelverton*, 493 B.R. at 291.

### 3. State law applies to determine whether a party has a "colorable claim" against the Debtor.

Though acknowledging in principle that state law governs whether Deutsche Bank has a right to foreclose the mortgage (Debtor Br. at 11), Debtor argues that Illinois law "is in conflict with federal law" because the two forums impose different burdens of proof with respect to standing. Compare *Lebron v. Gottlieb Memorial Hospital*, 930 N.E.2d 895, 916 (Ill. 2010) ("Under Illinois law,

lack of standing is an affirmative defense, which is the defendant's burden to plead and prove.") with *Miller*, 666 F.3d at 1261 n.4 (party seeking stay relief "bears the burden of proving its statutory standing as a 'party in interest' ").

Though the burdens of proof with respect to standing do indeed differ between Illinois and federal courts, there is no conflict because these differing burdens apply to distinct questions. The federal burden of proof applies to the question of whether Deutsche Bank has statutory standing as a "party in interest." As explained above, this means Deutsche Bank bears the burden of establishing that it is a "creditor"—that it has a colorable claim against the Debtor or his property.

Whether Deutsche Bank has a colorable foreclosure claim against Debtor presents a question of state law. *Miller*, 666 F.3d at 1262. Thus, "to establish standing to seek stay relief," Deutsche Bank must demonstrate that it "has the right under applicable state law to enforce the mortgage." *Thomas*, 469 B.R. at 923 (B.A.P. 10th Cir. 2012). In other words, the federal burden of proof as to standing in this context requires Deutsche Bank to demonstrate a reasonable likelihood that it will be able to satisfy the Illinois burden of proof as to standing. See *Grella*, 42 F.3d at 33. As discussed above, the state court has already held that Deutsche Bank satisfied that burden.

Because Deutsche Bank demonstrated a colorable claim, the bankruptcy court did not abuse its discretion in granting relief from the automatic stay.

**II.     The Bankruptcy Court correctly concluded that Debtor presented nothing that would warrant denial of stay relief.**

Finally, even if the bankruptcy court were required to weigh and resolve Debtor's arguments challenging Deutsche Bank's ability to enforce the note, those challenges were rightly rejected. Even if Debtor could prove that the indorsement on the Note was forged or that the transfer of the Note to Deutsche Bank violated the PSA, neither of these theories would defeat Deutsche Bank's right to enforce the note.

Article 3 of the Uniform Commercial Code provides that a "person entitled to enforce" a negotiable instrument includes "the holder of the instrument." 810 ILCS 5/3–301. A "holder" includes "the person in possession of a negotiable instrument that is payable… to bearer." 810 ILCS 5/1–201(b)(21)(A). When an instrument is indorsed in blank, the instrument "becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." 810 ILCS 5/3–205(b). Debtor does not dispute either that Deutsche Bank is in possession of the Note or that the Note is indorsed in blank. Deutsche Bank is thus, under Illinois law, the "holder" of the Note and entitled to enforce it.

Debtor nevertheless disputes Deutsche Bank's right to enforce the Note on two theories: (1) Debtor contends that the indorsement of the Note was forged and, therefore, ineffective; and (2) Debtor contends that Deutsche Bank could not, under the terms of the PSA, lawfully acquire the Note.

### A. The purported forgery does not defeat Deutsche Bank's right to enforce the Note.

The copy of the Note produced by Deutsche Bank included an allonge indorsing the Note in blank. (ECF #5–3 at PageID #59.) The indorsement is signed by Nancy Montoya, identified as "Assistant Secretary" for the Lender. (ECF #5–3 at PageID #59.) In an attempt to invalidate the indorsement in blank, Debtor produced the affidavit of a Nancy Montoya, who indicated that she was employed by the Lender from 2006 through 2010, that she never held the title of Assistant Secretary, and that she did not sign the allonge. (ECF #5–4 at PageID #93.) But even if Montoya's affidavit were sufficient, even in the absence of live testimony, to establish that the signature on the allonge were forged (see *In re Sheridan*, 2009 Bankr. LEXIS 552 at *19), this would not defeat Deutsche Bank's right to enforce the Note.

First, if the signature on the indorsement were forged, it would be an "unauthorized signature" under the UCC. 810 ILCS 5/1–201(b)(41). An unauthorized signature ineffective. 810 ILCS 5/3–403(a). This would mean that Deutsche Bank is in possession of an unindorsed Note. In other words,

Deutsche Bank would not be a holder of the instrument, but merely a nonholder in possession.

But under Article 3 of the UCC, a nonholder in possession is entitled to enforce an instrument if it "has the rights of a holder." 810 ILCS 5/3–301. "Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument." 810 ILCS 5/3–203(b). "An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." 810 ILCS 5/3–203(a).

Debtor does not contest the authenticity of the assignment transferring the mortgagee's right, title and interest to Deutsche Bank. Transfer of the Note to Deutsche Bank together with this assignment of the mortgage evidences the Lender's intent to give Deutsche Bank the right to enforce the Note. As a result, even if the signature on the indorsement were forged, Deutsche Bank would nevertheless be entitled to enforce the Note as "a nonholder in possession who has the rights of a holder." 810 ILCS 5/3–301.

In addition, under Article 3 of the UCC, an unauthorized signature on an instrument may be ratified for all purposes. 810 ILCS 5/3–403(a). "Ratification need not be expressly made;" rather, "acquiescence… may be inferred from the conduct of the parties." *Magid v. Drexel National Bank*, 71

N.E.2d 898, 900 (Ill. App. 1947). Having delivered the original Note to Deutsche Bank and having recorded its assignment of the Mortgage to Deutsche Bank, the Lender may be deemed to have ratified any unauthorized signature on the indorsement.

In short, even if the bankruptcy court found that Debtor had conclusively proved that the signature on the indorsement was forged, such finding would not defeat Deutsche Bank's right to enforce the Note.

### B. Debtor lacks standing to challenge the assignment to Deutsche Bank based on alleged noncompliance with the PSA.

Finally, Debtor claims that Deutsche Bank is not the holder of the Note because conveyance of the Note to Deutsche Bank violates the terms of the PSA. Debtor's argument is not a novel one, and "[c]ourts have consistently rejected borrowers' requests to have mortgage assignments and foreclosures invalidated due to non-compliance with Pooling and Servicing Agreement provisions, based on borrowers' lack of standing." *Adelson v. Ocwen Financial Corp.*, No. 17-1917, 2018 U.S. App. LEXIS 23356, at *19 (6th Cir. Aug. 20, 2018), quoting *Dauenhauer v. Bank of N.Y. Mellon*, 562 F. App'x 473, 480 (6th Cir. 2014).

In particular, Debtor points to §2.01 of what he claims is an excerpt of the PSA governing Deutsche Bank. That document establishes the Morgan Stanley Ixis Real Estate Capital Trust 2006-2, designates Deutsche Bank as

Trustee, and specifies that it is to be construed in accordance with New York law. (ECF #5–4 at PageID ##99, 115.) According to Debtor, the terms of §2.01 authorize conveyance of property into the trust only by the "Depositor." (Debtor's Br. at 22.) Absent documentation reflecting a separate conveyance of the Note into the trust by the Depositor, Debtor appears to be arguing, Deutsche Bank could not have validly acquired possession of (and the right to enforce) the Note.

Addressing a similar argument, the Seventh Circuit noted that "[t]he 'prudential standing rule ... normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves.' " *Jepson*, 816 F.3d at 946, quoting *Warth v. Seldin*, 422 U.S. 490, 509 (1975). Under New York law, "only the intended beneficiary of a private trust may enforce the terms of the trust." *Id.*, quoting *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 88 (2d Cir. 2014).

"New York courts have held uniformly that 'a mortgagor whose loan is owned by a trust' is not an intended beneficiary of a trust, and 'does not have standing to challenge the [trustee]'s possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of [a] PSA.' " *Id.*, quoting *Erobobo*, 9 N.Y.S.3d at 314. Accord See *Bank of America National Ass'n v. Bassman FBT, LLC*, 2012 IL App (2d) 110729, ¶¶14–21, 981

N.E.2d 1, 7–10 (Ill. App. 2012). Because Debtor, as a mortgagor, is not an intended beneficiary of the trust, he lacks standing to challenge an assignment for failing to conform to the terms of the PSA.

Thus, even if the bankruptcy court were obligated to resolve the merits of Debtor's challenge to Deutsche Bank's right to enforce the Note, Debtor was without standing to challenge Deutsche Bank's compliance with the PSA.

**III.    Debtor waived any argument that Deutsche Bank failed to establish insufficient equity in the secured property.**

Finally, in his Statement of Issues, Debtor asserts that "Deustche Bank failed to meet its burden of showing that there is insufficient equity in what they claim to be the secured property." (Debtor's Br. at 5.) Debtor has not, however included any argument in support of this assertion in his opening brief. "Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009).

## CONCLUSION

For the foregoing reasons, appellee Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2 requests that this Court affirm the judgment of the bankruptcy court granting relief from the automatic stay.

Respectfully submitted,

/s/ *Kimberly A. Jansen*

Kimberly A. Jansen
Hinshaw & Culbertson LLP
151 N. Franklin St., Suite 2500
Chicago, IL 60606
312-704-3000
kjansen@hinshawlaw.com

*Attorneys for Movant-Appellee*
*Deutsche Bank National Trust*
*Company, as Trustee for Morgan*
*Stanley Ixis Real Estate Capital Trust*
*2006-2 Mortgage Pass Through*
*Certificates, Series 2006-2*

## CERTIFICATES

### Certificate of Service

I hereby certify that on October 30, 2018, I electronically filed the foregoing Appellee's Brief with the Clerk of the U.S. District Court, using the CM/ECF system.

18I also hereby certify that on October 30, 2018, I served the foregoing, via U.S. mail, upon:

> David M. Laz
> 2110 Babst Court
> Lisle, IL 60532

/s/ *Kimberly A. Jansen*

### Fed. R. Bankr. P. 8015(a)(7)(C) Certificate

This brief complies with the type-volume limitation of Fed. R. Bankr. P. 8015(a)(7)(B) because this brief contains 7,472 words, excluding the parts of the brief exempted by Fed. R. Bankr. P. 8015(a)(7)(B)(iii,)

/s/ *Kimberly A. Jansen*