# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DAVID LAZ, | ) |
| Appellant, | ) |
| v. | ) No. 18 C 05620 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) Judge Edmond E. Chang |
| Appellee. | ) |

**MEMORANDUM OPINION AND ORDER**

In June 2018, Appellant David Laz filed a Chapter 7 bankruptcy petition. Under 11 U.S.C. § 362(d), Deutsche Bank successfully moved the Bankruptcy Court for relief from the automatic stay in order to continue its foreclosure proceeding against Laz in Cook County Circuit Court. Laz appealed the Bankruptcy Court's order modifying the automatic stay. R. 1, Appeal.[1] In the course of briefing the appeal, Deutsche Bank filed this motion to dismiss the appeal, arguing that one part of Laz's appeal is moot and that Laz does not have standing to challenge the other part. R. 13, Mot. Dismiss. For the reasons explained below, the motion is granted and the appeal is dismissed for lack of subject matter jurisdiction.

---

[1]Citations to the record are noted as "R." followed by the docket number and the page or paragraph number.

Ordinarily, this Court would have jurisdiction over this appeal of a bankruptcy court order under 28 U.S.C. § 158(a). This Opinion considers Deutsche Bank's argument that jurisdiction is lacking due to mootness and lack of standing.

# I. Background

Laz filed a Chapter 7 bankruptcy petition in June 2018. R. 5-2 at 1 (bankruptcy docket sheet, Dkt. 1); R. 5-3 at 6-13 (Chapter 7 petition).[2] The filing of the petition triggered an automatic stay on most types of legal action that could be brought against Laz, which prevented Laz's creditors from pursuing collections actions against him. 11 U.S.C. § 362(a). A few weeks after the petition's filing, Deutsche Bank moved the Bankruptcy Court for relief from the automatic stay, arguing that it should be allowed to continue its foreclosure proceeding against a property owned by Laz in Lisle, Illinois. R. 5-2 at 3 (bankruptcy docket sheet, Dkt. 16); R. 5-4 at 2-5 (Deutsche Bank's motion). The Bankruptcy Court granted the motion in an order on August 3, 2018 (call it the "stay-relief order"). R. 5-2 at 5 (bankruptcy docket sheet, Dkt. 33); R. 5-12 at 30 (stay-relief order). Laz filed a notice of appeal of the stay-relief order in August 2018. R. 5-2 at 5 (bankruptcy docket sheet, Dkt. 38); R. 5-12 at 31 (notice of appeal).

After the filing of the appeal, the Court set a briefing schedule, under which Laz filed his opening brief, R. 7, as well as a supplemental brief addressing the *Rooker-Feldman* doctrine, R. 9. Deutsche Bank responded, R 10, and Laz replied, R. 12. During the course of the briefing, on October 4, 2018, the Bankruptcy Court entered an order of discharge in the underlying bankruptcy case. R. 13-1, Mot.

---

[2]R. 5 comprises the Bankruptcy Court record. The various exhibits attached to R. 5 in CM/ECF are not actually distinct documents—some documents continue through two CM/ECF exhibit numbers, and some CM/ECF entries include multiple documents. Throughout this Opinion the Court will use both the CM/ECF number and PDF page numbers to point to where each pertinent document can be found, and will explain the relevant pages' contents in parentheses.

2

Dismiss Exh. 1, Order of Discharge. With the appeal pending, Deutsche Bank filed this motion to dismiss, arguing that the discharge mooted the issue of relief from the automatic stay as to Laz's personal liability, and that Laz did not have standing to object to the Bankruptcy Court's decision to grant Deutsche Bank relief from the ongoing stay as to the bankruptcy estate's interest in the Lisle property. Mot. Dismiss. Laz objected to the motion. R. 16, Mot. Dismiss Resp.

## II. Standard of Review

A federal district court has jurisdiction to hear appeals from the rulings of a bankruptcy court under 28 U.S.C. § 158(a), including a bankruptcy court's decision to grant or deny relief from the automatic stay. *See In the Matter of James Wilson Assocs.*, 965 F.2d 160, 166 (7th Cir. 1992) (explaining that orders denying relief from the automatic stay are final and appealable); *In the Matter of Boomgarden*, 780 F.2d 657, 659-60 (7th Cir. 1985) (holding that a stay-relief order was a final order). But a district court, exercising appellate jurisdiction over decisions of a bankruptcy court, remains limited by Article III of the United States Constitution to adjudicating only "actual controvers[ies]." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013). "[W]hen the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome" of a case, it is no longer a controversy for Article III purposes. *Id.* at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)) (internal quotation marks omitted). Put another way, there is no Article III jurisdiction over a moot case. *See also In re Repository Techs., Inc.*, 601 F.3d 710, 716-17 (7th Cir. 2010) ("If, by virtue of an intervening event, the appellate court cannot grant any effectual relief whatever

3

for the appellant, the court must dismiss the case as moot.") (cleaned up).[3] In deciding whether a claim is moot, courts consider whether it is possible "for the court to grant any effectual relief whatever to a prevailing party." *DJL Farm LLC v. U.S. Env'l Prot. Agency*, 813 F.3d 1048, 1050 (7th Cir. 2016) (cleaned up); *see, e.g.*, *Hijawi v. Five N. Wabash Condo. Ass'n*, 491 B.R. 876, 881-83 (N.D. Ill. 2013) (deciding that—while an appeal of a stay-relief order will often be mooted by a discharge—in that particular case there were aspects of the bankruptcy court's decision that had ongoing monetary effects that the district court could still remedy after the discharge). If effective relief is not possible, then the appeal must be dismissed as moot. *See Lardas v. Grcic*, 847 F.3d 561, 567 (7th Cir. 2017).

Also, an appellate court may adjudicate only those appeals in which the appellants have standing to bring the claim at issue. In the bankruptcy context, the Seventh Circuit has held that "an appellant lacks standing if [he] is 'unable to realize any economic benefit from a potential reversal.'" *In re GT Automation Grp. Inc.*, 828 F.3d 602, 604 (7th Cir. 2016) (quoting *In re Stinnett*, 465 F.3d 309, 315-16 (7th Cir. 2006) (comparing the debtor's assets to his liabilities to conclude he was unlikely to "emerg[e] from Chapter 7 with any estate property.")). Standing in this context is "narrower than Article III standing." *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607 (7th Cir. 1998) (citing *Matter of Andreucetti*, 975 F.2d 413, 416 (7th Cir. 1992)). In a Chapter 7 bankruptcy, the debtor usually will not have standing unless

---

[3]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

4

the debtor "can show a reasonable possibility of a surplus after satisfying all debts." *Cult Awareness Network*, 151 F.3d at 608-09 (finding that the debtor-appellant did not have standing where its possibility of recovering a surplus depended on the outcomes of two long-shot lawsuits). Because the appellant is the party "invoking federal jurisdiction," the appellant "[bears] the burden of demonstrating standing." *GT Automation Grp.*, 828 F.3d at 605 (cleaned up). In one case, for example, the Seventh Circuit held that an appellant failed to establish standing when it "made no mention of standing in its opening brief." *Id.*

### III. Analysis

The Bankruptcy Court's stay-relief order affected both Laz's personal liability on the mortgage loan that he executed against the Lisle property, as well as the mortgage against the property itself. *See* 11 U.S.C. § 362(a)(1), (4). The Court will consider the justiciability of each aspect of the stay-relief order.

### A. Laz's Personal Liability

First up is Laz's personal liability on the mortgage. Deutsche Bank argues that Laz's appeal of this aspect of the stay-relief order was mooted by the Bankruptcy Court's discharge order. Mot. Dismiss at 5-6.

Deutsche Bank is right. As background, filing a bankruptcy petition automatically stays "the commencement or continuation … of a judicial, administrative, or other action proceeding against the debtor that was or could have been commenced before the commencement of the case," 11 U.S.C. § 362(a)(1), "any act to create, perfect, or enforce any lien against the property of the estate," 11 U.S.C. § 362(a)(4), and "any act to collect, assess, or recover a claim against the debtor that

5

arose before the commencement of the case," 11 U.S.C. § 362(a)(6). Under certain circumstances, the bankruptcy court may—as it did here—lift or modify the stay "[o]n request of a party in interest and after notice and a hearing." 11 U.S.C. § 362(d). In an individual Chapter 7 case, the stay as to personal liability otherwise ends when the bankruptcy case is closed or dismissed, or when the bankruptcy court either grants or denies a discharge of the individual debtor's debts—whichever happens earlier. 11 U.S.C. § 362(c)(2). A discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset [a] debt as a *personal liability* of the debtor." 11 U.S.C. § 524(a)(2) (emphasis added).

In this case, the Bankruptcy Court has already ordered a discharge of Laz's debts. Mot. Dismiss Exh. 1, Order of Discharge. By operation of law, as discussed earlier, the discharge terminated the automatic stay and replaced it with a permanent injunction. The permanent injunction prevents Laz's creditors, including Deutsche Bank, from coming after him personally for any amounts he owed. *See* 11 U.S.C. § 524(a)(2). In the foreclosure context, Laz's personal liability could possibly have been reduced to a deficiency judgment against him, assuming the Lisle property sold at auction for less than what was owed on the mortgage loan. Now—because of the discharge and its accompanying permanent injunction—Deutsche Bank does not have that remedy against Laz.

Given that state of affairs, even assuming that the Bankruptcy Court's stay-relief order were reversible, there is no possible relief this Court could fashion for Laz

6

on appeal. The Bankruptcy Court's decision to allow Deutsche Bank to proceed with the foreclosure is entirely inoperable (as to Laz's personal liability, anyway) because the stay from which Deutsche Bank needed relief no longer exists. Deutsche Bank simply cannot go after Laz personally—just as it previously could not before it obtained relief from the automatic stay. So the issue is moot. Other courts have come to the same conclusion in similar situations. *See In re Otero*, 741 F. App'x 761, 763 (11th Cir. 2018) (holding that a discharge order mooted an appeal of a stay-relief order) (unpublished order); *In re La'Teacha Tigue*, 363 B.R. 67, 71 (8th Cir. 2007) (holding that "the appeal from [the] relief from stay motion [was] moot" where the stay had been terminated by a discharge).

In other cases and situations, it is conceivable that there could be some aspect of a stay-relief order that is not mooted by a discharge order. For example, in *Hijawi*, the district court concluded that, although "a discharge may well moot the appeal of a lift of an automatic stay in a typical case," it did not do so in that case because the particular decision on appeal had continuing affects on the parties' post-discharge financial obligations that the district court could remedy. 491 B.R. at 883-85. In essence, the court determined that the stay-relief order was not really *just* a stay-relief order but also in reality a *judgment* about whether a certain set of fees at issue in the case was dischargeable. *Id*. Not so here. The discharge order eradicates Laz's personal liability for his pre-petition debts and nothing more—there is nothing further this Court can do for him in terms of his personal liability. Another case, *James Wilson*, is also different from this case. In *James Wilson*, the Seventh Circuit

7

reasoned (in dicta)[4] that the approval of a reorganization plan might *not* moot a challenge to the bankruptcy court's orders extending the automatic stay. *James Wilson*, 965 F.2d at 167. But in that scenario, there were multiple appeals, including a challenge to the reorganization plan itself, which presented the possibility that "the validity of the orders refusing to lift the stay [c]ould become critical" if the reorganization plan were to be vacated. *Id.* In contrast, with regard to Laz's bankruptcy, there is no other appeal that might undo the discharge and—as a result—bring the automatic stay back to life.[5]

Laz counters that the discharge was not valid in the first place. Mot. Dismiss Resp. at 2-4. On Laz's reasoning, the Bankruptcy Court did not have jurisdiction to continue bankruptcy proceedings, much less discharge his personal debts, after he filed his notice of appeal. *See id.* It is true that "[t]he filing of a notice of appeal … confers jurisdiction on the court of appeals" (here the District Court) and "divests the [bankruptcy court] of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). But Deutsche Bank argues that the discharge order was an "aspect of the case" *not* "involved in the appeal," so it was proper for the Bankruptcy Court to continue working on it. *Id.*; R. 17, Mot. Dismiss Reply at 1-2.

---

[4]*James Wilson* decided that the challenge to the stay extension failed on the merits. *Id.* at 167-73.
[5]To be sure, there *is* another appeal pending, *see Laz v. Reverse Mortg. Sols., Inc.*, 19-cv-00474. But it is simply a parallel appeal of a different stay-relief order and does not threaten to upend the discharge order itself.

8

Although the Seventh Circuit has not previously decided this issue in a bankruptcy case in the same posture as this one, other courts have. Those courts have determined that a bankruptcy court may continue proceedings on other aspects of a case while a decision to lift or extend the automatic stay is up on appeal. *See Otero*, 741 F. App'x at 763-64; *Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp.*, 935 F.3d 723, 727 (5th Cir. 1991). And some Seventh Circuit opinions, in considering mootness challenges to bankruptcy appeals, have implicitly assumed that the bankruptcy court has continuing jurisdiction after a stay-relief decision is appealed. *See, e.g.*, *James Wilson*, 965 F.2d at 165-67 (considering five bankruptcy appeals filed at different points in the bankruptcy proceedings, including an appeal of a decision refusing to lift the automatic stay, and suggesting no issue with the bankruptcy court's continuing to proceed with litigation on the reorganization plan after the first appeals were filed); *cf. Andreucetti*, 975 F.2d at 417-18 (considering mootness where "significant steps [were] taken" toward reorganization after the appellant appealed the confirmation order).

More importantly, the Seventh Circuit's reasoning on an analogous issue sheds light here. The Seventh Circuit has explained more than once that a trial court may decide whether to grant a *permanent* injunction even while a preliminary-injunction order is up on appeal. *See Kusay v. United States*, 62 F.3d 192, 193-94 (7th Cir. 1995) ("A district court … may consider whether to grant permanent injunctive relief while an appeal from a preliminary injunction is pending) (citing *Chrysler Motors Corp. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 909 F.2d 248, 250 (7th Cir.

9

1990)); *Kilty v. Weyerhaeuser Co.*, 758 Fed. App'x 530, 532-33(7th Cir. 2019) (non-precedential disposition) (reaffirming the explanation in *Kusay* and holding that the district court was permitted to rule on summary judgment even while its decision on the motion to dismiss was pending appeal). The reasoning at work in those cases is that the issue of whether preliminary injunctive relief is proper is distinct from the ultimate issue of permanent injunctive relief.

Just so here. Laz's appeal of the stay-relief order here is analogous to an appeal of a preliminary injunction decision. After the Bankruptcy Court had granted relief from the automatic stay, the Bankruptcy Court was free to consider whether Laz's personal debts should be discharged, regardless of Laz's appeal of its initial stay-relief decision. There was no jurisdictional defect in the issuance of the discharge order.

### B. The Estate's Interest in the Lisle Property

The next issue is whether Laz can properly appeal an aspect of the stay-relief order that *is* still in force—the part that allows Deutsche Bank to pursue litigation against the bankruptcy estate's interest in the Lisle property. On this point, Deutsche Bank asserts a different jurisdictional problem: it argues that Laz does not have standing to bring an appeal on behalf of the *estate*'s interest in the Lisle property. Mot. Dismiss at 6-8.

As a preliminary matter, it is worth explaining why the discharge did *not* moot Laz's appeal on this issue. As previewed above, "a discharge extinguishes only the *personal* liability of the debtor." *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (emphasis added) (cleaned up) ("[A] creditor's right to foreclose on the mortgage

survives or passes through the bankruptcy."); *see also* 11 U.S.C. § 524(a)(1). That means the Lisle property is still property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) (explaining that the debtor's property becomes property of the estate upon filing of a Chapter 7 petition). And because it is property of the estate, the automatic stay would still apply to it if it were not for the issuance of the stay-relief order. *See* 11 U.S.C. § 362(c)(1) ("[T]he stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate."). The bottom line is that the estate's interest in the Lisle property survived the discharge, and a challenge to the stay-relief order on that issue would not be moot.

The question now is whether Laz is the right party to bring that challenge. Because Laz is a Chapter 7 debtor, whether he has standing turns on the likelihood that he will recover a surplus when the bankruptcy case is closed. *See Cult Awareness Network*, 151 F.3d at 608. Laz has made no such showing. Like the debtor in *GT Automation Group*, 828 F.3d at 605, Laz failed to address whether he had standing to appeal in his opening brief. *See generally* R. 7, Appeal Opening Br. Nor did his response to the motion to dismiss address the issue in any way. *See generally* Mot. Dismiss Resp. And the record evidence reveals that it is unlikely that there will be a surplus. Assuming that Deutsche Bank's mortgage on the Lisle property is valid, as the Cook County Circuit Court has determined it is, the Lisle property is worth far less than the amount due on the mortgage. *Compare* R. 5-12 at 22-29 (Order for Judgment and Sale against the Lisle Property, finding a total due to Deutsche Bank

11

of $1,129,118.04), *with* R. 5-3 at 11 (Chapter 7 petition estimating Laz's assets to be worth between $500,001 and $1 million, suggesting that the Lisle property, which was just *one* of the assets, is highly unlikely to be worth more than $1 million).

Even if Laz *did* stand to gain from the sale of the Lisle property, it is unclear how a reversal of the stay-relief order would affect the amount that he would recover. Laz contends that if the stay-relief order were reversed, then the overall trajectory of his bankruptcy case would change dramatically, making "monies available to distribute to Appellant[']s other creditors as well as to the Appellant himself." Mot. Dismiss Resp. at 5. His argument assumes that if the automatic stay had not been disturbed, then Deutsche Bank would not have any recourse against Laz *or* the estate. That is wrong. No bankruptcy case lasts forever, and it is up to the trustee to distribute the bankruptcy estate to creditors before the case closes. Without a stay-relief order, the automatic stay as to a particular asset ends by law either when that asset is distributed or at the close of the case. 11 U.S.C. § 362(c). The Lisle property, as an asset that is part of the bankruptcy estate, *see* 11 U.S.C. § 541(a)(1), cannot be protected from creditors forever. So Laz's argument is premised on the notion that there would be *no* mortgage lien on the Lisle property when all is said and done. But the state court has determined that there *is* a valid lien on the property, *see* R. 5-12 at 22-29 (Order for Judgment and Sale), and the Code establishes that mortgage liens survive or *pass through* bankruptcy, *see* 11 U.S.C. § 524(a)(1). That all means that Deutsche Bank's relief from the automatic stay determined only *when* it could foreclose on that lien—*not* whether it had a valid lien in the first place. The issue on

appeal is one of timing only. So Laz has not established that he has standing to bring this appeal challenging the stay-relief order as it pertains to property of the bankruptcy estate.

## IV. Conclusion

Laz's challenge to the stay-relief order as to his personal liability is moot, and he has failed to show that he has standing to challenge the order as to the Lisle property. As a result, Deutsche Bank's motion, R. 13, is granted, and Laz's appeal is dismissed for lack of jurisdiction.

ENTERED:

    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: May 1, 2019